**Agapito Hernandez TRIGUEROS a.k.a. Agapito Hernandez–Samayoa, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73771.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Daniel Shanfield, San Jose, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Keeney, Michelle G. Latour Fax, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before ALARCÓN, HALL, and PAEZ, Circuit Judges.

#### MEMORANDUM **

Agapito Hernandez Trigueros, a.k.a. Agapito Hernandez–Samayoa, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order denying his motion to reopen proceedings on grounds of ineffective assistance of counsel so that he can apply for special rule cancellation pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ The agency concluded that, regardless of ineffective assistance by prior counsel, petitioner failed to demonstrate eligibility for special rule cancellation. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 309(c)(5)(C)(i), Pub. L. No. 104–208, 110 Stat. 3009 (1996), as amended by NACARA, § 203(2)(b), Pub. L. No. 105–100, 111 Stat. 2160 (1997) (found at 8 U.S.C. § 1101 note). We lack jurisdiction to review the agency's determination and so do not consider petitioner's contentions regarding equitable tolling and estoppel.

** This disposition is not appropriate for publi-

*See id.* at § 309(c)(5)(C)(ii) ("A determination by the Attorney General as to whether an alien satisfies the requirements of clause (i) is final and shall not be subject to review by any court.").

■ Further, petitioner's contentions regarding equitable tolling of the April 1, 1990, deadline are foreclosed by *Munoz v. Ashcroft,* 339 F.3d 950, 956–57 (9th Cir. 2003) (holding that the April 1, 1990, deadline is not subject to equitable tolling).

Petitioner's remaining contentions are without merit.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.